IN THE UNITED STATES DISTRICT COURT
for the DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THE ESTATE OF MARY JANE MCLAUGHLIN, by and through, TONJA PARRA, SPECIAL ADMINISTRATOR for the heirs and next-of-kin, | ) ) ) ) | Case No. 4:18-cv-3029 <br><br> Buffalo County District Court No. CI 17 640 |
| | ) ) | |
| Plaintiff, | ) ) | |
| | ) | **NOTICE OF REMOVAL** |
| v. | ) ) | |
| THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, INC., d/b/a GOOD SAMARITAN SOCIETY – ST. LUKE'S VILLAGE, | ) ) ) ) | |
| | ) ) | |
| Defendant. | ) | |

Please take notice that Defendant, The Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Society – St. Luke's Village, (incorrectly identified as d/b/a Evangelical Lutheran Good Samaritan Society, *Inc.* d/b/a Good Samaritan Society-St. Luke's Village) pursuant to 28 U.S.C. §§1441(a)(b), 1332(a)(1), and 1446 hereby removes this action from the District Court of Buffalo County, Nebraska in which this action is pending, styled The Estate of Mary Jane McLaughlin, by and through, Tonja Para, Special Administrator for the heirs and next-of-kin v. The Evangelical Lutheran Good Samaritan Society, Inc., d/b/a Good Samaritan Society - St. Luke's Village to the United States District Court for the District of Nebraska. This Notice of Removal is based upon the following grounds:

1. Following the filing of this action on November 29, 2017, in the District Court of Buffalo County, Nebraska, Defendant, The Evangelical Lutheran Good Samaritan Society first received notice of the initial pleadings setting forth the claims for relief upon which this action is based on January 26, 2018 through service by certified mail/return receipt on its registered agent CT

1

Corporation System 5601 South 59th Street, Lincoln, NE 68516. A copy of the initial pleadings was delivered by certified mail to "The Evangelical Lutheran Good Samaritan Society, Inc. c/o CT Corporation System" at 5601 South 59th Street, Lincoln, NE 68516 on January 26, 2018. This Notice of Removal is, therefore, timely filed, pursuant to 28 U.S.C. § 1446(b).

2. "The Evangelical Lutheran Good Samaritan Society, *Inc*." is not a legal entity; rather, Defendant, The Evangelical Lutheran Good Samaritan Society has adopted the fictitious name "Good Samaritan Society – St. Luke's Village" under which Defendant, The Evangelical Lutheran Good Samaritan Society operates in Nebraska. The Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Society – St. Luke's Village is hereinafter referred to as "Defendant."

3. The above-referenced litigation is a civil action that was commenced on November 29, 2017, and seeks an award of monetary damages based upon allegations by Plaintiff that Defendant was negligent in failing to properly provide care for Mary Jane McLaughlin, deceased, while she was a resident of Defendant's long term care facility. Plaintiff contends that, as a result of Defendant's alleged negligence, Mary Jane McLaughlin, deceased, suffered injuries to her body, pain and suffering, mental anguish, humiliation and death on January 17, 2016 and incurred medical expenses. Plaintiff, Tonja Parra, Special Administrator, contends that the next-of-kin of Mary Jane McLaughlin suffered, or will suffer, a loss of services, loss of companionship, support and society as a result of the death of their mother, Mary Jane McLaughlin. Plaintiff seeks to recover medical expenses in the amount of $164,934.24 and funeral and burial expenses in an amount more than $5,000.

4. Plaintiff, Tonja Parra, as the Administrator of the Estate of Mary Jane McLaughlin, is, and was at the time of filing the Complaint and Jury Demand, a citizen of the State of Nebraska

2

because the decedent, Mary Jane McLaughlin, was a citizen of the State of Nebraska when she died.  28 U.S.C. § 1332 (c)(2).

5.   Defendant is not, and was not at the time of the filing of the Complaint and Jury Demand, a citizen of the State of Nebraska. Defendant is a citizen of the State of North Dakota and the State of South Dakota. Defendant was, at the time of the filing of Plaintiff's Complaint and Jury Demand, and at all other times material hereto, a not-for-profit North Dakota corporation with its principal place of business in Sioux Falls, South Dakota.

6.   This action is one of a civil nature in which the District Court of the United States has original jurisdiction, in that it involves a controversy wholly between citizens of different states and the amount in controversy between the parties is in excess of $75,000, exclusive of interest and costs. Therefore, this action is removable pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.   The Nebraska rules of civil procedure do not allow a plaintiff to plead the amount of general damages. NECivR §6-1108. The Plaintiff, however, has stated the amount of special damages as $164,934.24 for medical expenses and $5,000.00 for funeral and marker expenses. NECivR §6-1108.

7.   A copy of the Complaint and Jury Demand, process, and any pleadings and any orders served upon the Defendant are attached to this Notice of Removal and is identified as Composite Exhibit "A".  28 U.S.C. § 1446.

8.   There are no motions pending in the state court that will require resolution by this court.

9.   Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly furnish a copy of this Notice of Removal to counsel for Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the District Court for Buffalo County.

10. This notice is not a general appearance or a waiver of any rights or defenses, including, but not limited to, the right to arbitrate, lack of personal or subject matter jurisdiction, insufficiency of process or service of process. Counsel for Defendant certifies that the allegations set forth above have been stated in accordance with the requirements of Federal Rule of Civil Procedure 11.

WHEREFORE, Defendant, removes the above-entitled action from the Nebraska District Court for Buffalo County, Nebraska to the United States District Court for Nebraska.

Dated this 26th day of February, 2018.

                                        *s/ Donna J. Fudge*
                                        Donna J. Fudge, Esq. (WI #1020908)
                                        FUDGE BROADWATER, P.A.
                                        536 S. Seymour Street
                                        Fond du Lac, WI 54935
                                        Phone:  800-477-2504
                                        Fax:    727-490-3101
                                        Email: DFudge@fudgebroadwater.com
                                        Eservice@fudgebroadwater.com
                                        Attorneys for Defendant The Evangelical
                                         Lutheran Good Samaritan Society, Inc.
                                         d/b/a Good Samaritan Society – St. Luke's
                                         Village

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2018, a true and correct copy of the

foregoing Notice of Removal was served on the following parties via CM/ECF.

Richard F. Hitz, Esq. (NE #21730)
Law Office of Rich Hitz
304 Olson Drive, Suite 211
Papillion, NE 68046
(402) 799-1733 (Phone)
(402) 964-2920 (Fax)
rich@hitzlaw.com
**Counsel for Plaintiff The Estate**
**of Mary Jane McLaughlin**

Mandy L. Strigenz, Esq.
Sibbernsen, Strigenz & Sibbernsen, PC
304 Olson Drive, Suite 211
Papillion, NE 68046
(402) 913-3039 (Phone)
(402) 964-2920 (Fax)
mls@sibbandstrig.com
**Counsel for Plaintiff The Estate**
**of Mary Jane McLaughlin**


s/Donna J. Fudge
Donna J. Fudge, Esq. (WI #1020908)
FUDGE BROADWATER, P.A.

5

**COMPOSITE EXHIBIT "A"**

 CT Corporation

**Service of Process
Transmittal**
01/26/2018
CT Log Number 532693587

**TO:**   Misty Ham-Quick
The Evangelical Lutheran Good Samaritan Society
4800 W 57th St
Sioux Falls, SD 57108-2239

**RE:**   **Process Served in Nebraska**

**FOR:**   The Evangelical Lutheran Good Samaritan Society  (Domestic State: ND)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | The Estate of Mary Jane Mclaughlin, by and Through, Tonja Parra, Special Adminstrator for the Heirs and Next-of-kin, Pltf. vs. The Evangelical Lutheran Good Samaritan Society, Inc., etc., Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Buffalo County District Court, NE<br>Case # D09CI170000640 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lincoln, NE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/26/2018 postmarked on 01/25/2018 |
| **JURISDICTION SERVED :** | Nebraska |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service of the Complaint/Petition |
| **ATTORNEY(S) / SENDER(S):** | Richard F Hitz<br>Attorney at Law<br>17525 Arbor Street<br>Omaha, NE 68118<br>(402) 493-4300 |
| **REMARKS:** | According to the NE Secretary of State, the only entity registered beginning with the name The Evangelical Lutheran Good Samaritan Society, Inc. is The Evangelical Lutheran Good Samaritan Society. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/29/2018, Expected Purge Date: 02/03/2018<br><br>Image SOP<br><br>Email Notification, Misty Ham-Quick  mhamquic@good-sam.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>5601 S 59th St Ste C<br>Lincoln, NE 68516-2340<br>314-863-5545 |

Page 1 of  1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**COMPOSITE EXHIBIT "A"**



**CERTIFIED MAIL®**

Law Office of Rich Hitz
304 Olson Drive, Suite 211
Papillion, NE 68046



7014 3490 0002 0530 4776

1023

68516

U.S. POSTAGE
PAID
ASHLAND, NE
68003
JAN 25, 18
AMOUNT
**$7.12**
R2304W120542-10

**RETURN RECEIPT REQUESTED**

The Evangelical Lutheran Good Samaritan
Society, Inc.
c/o CT Corporation System
5601 South 59th Street
Lincoln, NE 68516

Filed in Buffalo District Court
*** EFILED ***
Case Number: D09CI170000640
Transaction ID: 0006391664
Filing Date: 02/05/2018 02:16:51 PM CST

**SERVICE RETURN**

Doc. No.: 31550

BUFFALO COUNTY DISTRICT COURT
Buffalo County Courthouse
P.O. Box 520
Kearney                    NE 68848 0520

To:
Case ID: CI 17    640 Parra v. Evangelical Lutheran Good Samar

McLaughlin



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporate Systems
5601 S. 59th Street
Lincoln, NE 68516

9590 9401 0119 5225 9109 18

2. Article Number (Transfer from service label)
7014 3490 0002 0530 4776

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Josh Halbrook
☐ Agent
☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JAN 26 2018

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

(Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Evangelical Lutheran Good Samaritan Society

At the following address: CT Corporate Systems
5601 S. 59th Street
Lincoln, NE 68516

on the 25 day of January 2018, as required by Nebraska state law.

Postage $ 7.12   Attorney for: Plaintiff

The return receipt for mailing to the party was signed on January 26, 2018

To: Evangelical Lutheran Good Samaritan
d/b/a Good Sam Society-St.Luke's Vi
CT Corp. System 5601 S 59th Street
Lincoln, NE 68516

From: Richard F Hitz
Attorney at Law
17525 Arbor Street
Omaha, NE 68118

## ATTACH RETURN RECEIPT & RETURN TO COURT

2/2/2018            USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs > (http://faq.usps.com/?articleId=220900)

## Track Another Package  +

**Tracking Number:** 70143490000205304776

Remove ✕

Your item was picked up at a postal facility at 9:32 am on January 26, 2018 in LINCOLN, NE 68516.

## ⊘ Delivered

January 26, 2018 at 9:32 am
Delivered, Individual Picked Up at Postal Facility
LINCOLN, NE 68516

Get Updates ⌄

---

Text & Email Updates                  ⌄

---

Tracking History                     ⌄

---

Product Information                  ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

Image ID:
D00031558D09



Doc. No.     31558

IN THE DISTRICT COURT OF Buffalo COUNTY, NEBRASKA
       Buffalo County Courthouse
       P.O. Box 520
       Kearney         NE 68848 0520

Tonja Parra v. Evangelical Lutheran Good Samaritan

                                        Case ID: CI 17      640

TO:  Evangelical Lutheran Good Samaritan
DBA: Good Samaritan Society-St Luke's

You have been sued by the following plaintiff(s):

    Tonja Parra                      Estate of Mary Jane McLaughlin

Plaintiff's Attorney:     Richard F Hitz
Address:                  Attorney at Law
                          17525 Arbor Street
                          Omaha, NE 68118
Telephone:                (402) 493-4100

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date: JANUARY 25, 2018      BY THE COURT:  _Sharon K Mauler_
                                                    Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

         Evangelical Lutheran Good Samaritan
         d/b/a Good Sam Society-St.Luke's Vi
         CT Corp. System 5601 S 59th Street
         Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Filed in Buffalo District Court
*** EFILED ***
Case Number: D09CI170000640
Transaction ID: 0006097934
Filing Date: 11/28/2017 10:45:37 AM CST

N THE DISTRICT COURT OF BUFFALO COUNTY, NEBRASKA

| | |
|---|---|
| THE ESTATE OF MARY JANE MCLAUGHLIN, by and through, TONJA PARRA, SPECIAL ADMINSTRATOR for the heirs and next-of-kin, | CI _____ |
| Plaintiff, | |
| v. | COMPLAINT & JURY DEMAND |
| THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, INC., d/b/a GOOD SAMARITAN SOCIETY – ST. LUKE'S VILLAGE, | |
| Defendant. | |

COMES NOW Plaintiff, Tonja Parra, Special Administrator of the Estate of Mary Jane McLaughlin, and for her cause of action against Defendant and hereby alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

1.   Plaintiff, Tonja Parra, is the duly appointed Special Administrator for the heirs and next-of-kin of the Estate of Mary Jane McLaughlin, having been so appointed by the Buffalo County Court, Probate Division, on December 13, 2016.

2.   Mary Jane McLaughlin was a patient/resident of The Evangelical Lutheran Good Samaritan Society, Inc., d/b/a Good Samaritan Society – St. Luke's Village which did business as a skilled nursing facility located at 2201 East 32nd Street, Kearney, Buffalo County, Nebraska. Mary Jane McLaughlin was injured at this nursing home on or about December 3, 2015, and died on January 17, 2016, in Kearney, Buffalo County, Nebraska.

1

3.      Defendant, The Evangelical Lutheran Good Samaritan Society, Inc., d/b/a Good Samaritan Society – St. Luke's Village is a North Dakota nonprofit corporation, which does business in Kearney, Buffalo County, Nebraska.

4.      Venue is proper in this Court because the injuries and death that is the basis for this action occurred in Buffalo County, Nebraska.

## FACTUAL ALLEGATIONS AGAINST THE DEFENDANT

5.      On or about November 18, 2015, Mary Jane McLaughlin, at the age of 77 was admitted to Good Samaritan Society – St. Luke's Village.

6.      The defendant was aware of Mary Jane McLaughlin's medical condition upon her admission. Her condition included a left hip fracture that had been surgically repaired just days before her admittance to the defendant's facility along with a right-sided pelvic fracture. The defendant knew the care and rehabilitation required when they represented that they could adequately care for her needs at their nursing home.

7.      Ms. McLaughlin was wheelchair and bed bound when she was admitted to the defendant's nursing home. She was totally dependent upon defendant's nursing home staff for ambulance and all activities of daily living.

8.      In an effort to ensure that Mary Jane McLaughlin, and other residents whose care was partially funded by the government, were placed at defendant's nursing home, the defendant held itself out to the Nebraska Department of Health and Human Services (DHHS) and the public at large as being:

   a) Skilled in the performance of nursing, rehabilitative and other medical support services;

   b) Skilled in the performance of nursing, rehabilitative and other medical

2

support services;

c) Properly staffed, supervised, and equipped to meet the total needs of
its nursing home residents;

d) Able to specifically meet the total nursing home medical and physical
therapy needs of Mary Jane McLaughlin and other residents like her;
and

e) Licensed by DHHS and complying on a continual basis with all rules,
regulations, and standards established for nursing homes under *Neb.
Rev. Stat.* § 71-401 *et seq.* and *Neb. Rev. Stat.* § 71-6001 *et seq.*

9.      The defendant failed to discharge its obligations of care to Mary Jane

McLaughlin, and did so with a conscious disregard for her rights and safety.  At all times

mentioned herein, the defendant, through its corporate officers and administrators, had

knowledge of, ratified and/or otherwise authorized all of the acts or omissions that

caused the injuries suffered by Ms. McLaughlin, including the hiring and retention of

unqualified and untrained nursing staff, as more fully set forth below within each of the

respective counts.  Defendant knew their nursing home was chronically understaffed and

that because of the poor staffing levels, the nursing staff could not provide even the

minimum standard of care to the weak and vulnerable residents of Good Samaritan

Society - St. Luke's Village.

10.      Thus, Mary Jane McLaughlin suffered physical and emotional trauma

described below:

a) Fractured spinal column, right-sided pelvic fracture, cauda equine
syndrome, and clostridium difficile infection;

b) Pain and suffering;

c) Mental anguish;

d) Humiliation; and

3

e) Death on January 17, 2016.

11.     These injuries were foreseeable to the defendant and caused Mary Jane McLaughlin to lose personal dignity and to experience unnecessary pain, suffering, degradation, emotional distress and death.

12.     Plaintiff alleges that on all the occasions complained herein, Mary Jane McLaughlin was under the care, supervision and treatment of the defendant. The injuries complained of herein were proximately caused by the acts and omissions of the defendant.

13.     The defendant also has vicarious liability for the acts and omissions of all persons or entities under their control, either directly or indirectly, including employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or staffing pools causing or contributing to the injuries of Mary Jane McLaughlin.

## COUNT ONE - SURVIVAL ACTION - NEGLIGENCE

14.     Plaintiff incorporates all allegations set forth in paragraphs 1 through 13 above.

15.     Defendant owed a non-delegable duty to residents, including Mary Jane McLaughlin, to provide adequate and appropriate custodial care and supervision, which a reasonably careful person would provide under similar circumstances.

16.     Defendant breached this duty by failing to deliver care and services that a reasonably careful person would have provided under similar circumstances and by failing to prevent the mistreatment, abuse, and neglect of Mary Jane McLaughlin.

17.     Defendant owed a non-delegable duty to residents, including Ms.

4

McLaughlin, to hire, train and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

18. Defendant had a responsibility to hire sufficient nurses and aides and to supervise and ensure that all nurses and staff of Good Samaritan Society - St. Luke's Village were meeting the needs of its residents and providing appropriate nursing care to all its residents, including Mary Jane McLaughlin.

19. Defendant breached these duties by failing to exercise reasonable care and by failing to prevent the neglect and abuse of Ms. McLaughlin. The negligence of the Defendant includes, but is not limited to, the following acts and omissions:

a) The failure to provide appropriate care and supervision of Ms. McLaughlin after her return from a regularly scheduled orthopedic physician appointment outside Defendant's facility where multiple X-Rays were taken showing no spinal or pelvic fractures on December 3, 2015;

b) The failure to provide appropriate care to ensure that Ms. McLaughlin would not fall, be dropped, or suffer avoidable trauma;

c) The failure to safely transfer Ms. McLaughlin from her wheelchair to bed, or a commode without fracturing her bones;

d) The failure to monitor the safety of Ms. McLaughlin;

e) The failure to adequately instruct, train and supervise employees regarding proper methods for transferring patient out of a wheelchair;

f) The failure to provide Ms. McLaughlin the necessary care and services to attain and maintain the highest practicable physical, mental, and psychological well-being;

g) The failure to provide agents, servants and employees adequate training, instruction, and supervision in caring for its elderly and disabled patients;

h) Entrusting Ms. McLaughlin to the care of unskilled, unqualified, and unfit personnel;

5

           i) The failure to provide and maintain an adequate number and sufficient staff to provide appropriate treatment, care and/or observation of residents like Ms. McLaughlin; and

           j) The failure to require strict compliance with their own standards, bylaws, rules, and regulations for assessment and care of patients with Ms. McLaughlin's medical condition

20.     As a direct and proximate result of the negligence of the Defendant, Mary Jane McLaughlin suffered a fall, injury, mental anguish, extreme pain, suffering, death and incurred medical expenses in the amount of $164,934.24.

21.     The negligence of any caregiver involved in the treatment of Ms. McLaughlin at the Good Samaritan Society - St. Luke's Village is attributable to the Defendant, by virtue of the doctrine of Respondeat Superior and/or apparent agency.

## COUNT TWO - RES IPSA LOQUITOR

22.     Plaintiff incorporates paragraphs 1 through 21 as fully set forth herein.

23.     On November 7, 2015 Mary Jane McLaughlin fractured her left hip and left side of her pelvis at home. She was brought to CHI Good Samaritan Hospital in Kearney where she underwent surgical repair of her left hip on November 8, 2015.

24.     On November 18, 2015, Mary Jane McLaughlin was discharged from the hospital and was admitted to Good Samaritan Society - St. Luke's Village for post-surgery rehabilitation until she was strong enough to return home.

25.     On December 3, 2015, Mary Jane McLaughlin was transported from Good Samaritan Society - St. Luke's Village for a scheduled post-surgery follow-up at her orthopedic surgeon's office. At that visit, multiple CT scans were taken of her hip, pelvis and lumbar spine. CT scans showed a healing left hip fracture with all surgical hardware in place and a healing left-sided pelvic fracture. There were no lumbar

fractures or fractures on the right side of Mary Jane McLaughlin's pelvis. Her doctor documented she was healing well and had no significant pain complaints from surgery. Mary Jane McLaughlin was returned to the Defendant's facility around 11:00 a.m. that same day.

26.    Just twenty-two (22) hours later, on December 4, 2015, Ms. McLaughlin was in severe pain and nauseated. She was taken to her primary care doctor's office for a 9:00 a.m. walk-in evaluation. Her primary care doctor documented she was in intense pain. He ordered her to be transported to CHI Good Samaritan Hospital for evaluation. Upon arrival at the hospital, Ms. McLaughlin was documented to have massive bruising on her torso and pelvic area. CT scans and X-rays were taken which diagnosed a lumbar fracture and right-sided pelvis fracture

27.    Ms. McLaughlin's spine and the right side of her pelvis were not fractured when she left her orthopedic surgeon's office on December 3, 3015. On December 4, 2015 she had two new fractures. The negligent conduct and omissions of the Defendant are presumed to be the cause of her injuries because:

   a) The fractures would not, in the ordinary course of a nursing home residency, happen in the absence of negligence or substandard care by the defendant;

   b) Defendant was in exclusive control and supervision of Ms. McLaughlin when she suffered her new injuries; and

   c) Defendant has no explanation for Mary Jane McLaughlin's lumbar and right-sided pelvis fractures or the massive bruising discovered on her torso and pelvis that was not present the day before at her doctor's office.

28.    As a direct and proximate result of the defendant's action or inaction, Mary Jane McLaughlin suffered avoidable injures.

7

## COUNT THREE – WRONGFUL DEATH

29.      Plaintiff incorporates paragraphs 1 through 28 as fully set forth herein.

30.      As a direct and proximate result of the negligence of the defendant, Mary Jane McLaughlin suffered a fractured spine and pelvis which led to hospitalization, contraction of Cauda equine syndrome, Clostridium Difficile infection and eventual death

31.      As a further direct and proximate result of the negligence of the defendant, the Estate of Mary Jane McLaughlin incurred funeral and marker expenses related to the death of Ms. McLaughlin, in an amount more than $5,000.

32.      As a further direct and proximate result of the negligence of defendant, the next-of-kin of Mary Jane McLaughlin have and will suffer the loss of services, society, comfort and companionship of their mother.

### JURY DEMAND

33.      Plaintiff hereby demands trial by jury.

WHEREFORE, Plaintiff, as the Special Administrator of the Estate of Mary Jane McLaughlin, respectfully requests the Court enter an Order for Judgment against the Defendant for the conscious pain and suffering of Mary Jane McLaughlin immediately preceding her death; any special damages and/or general damages incurred as the result of her death; funeral expenses; the loss of services and loss of society, comfort and companionship to Mary Jane McLaughlin's next-of-kin; costs expended herein; and for such other and further relief as this Court may deem appropriate.

8

DATED this 29th day of November 2017.

THE ESTATE OF MARY JANE MCLAUGHLIN,
by and through, TONJA PARRA, SPECIAL
ADMINSTRATOR for the heirs and next-of-kin,

By:  /s/ Richard F. Hitz
    Richard F. Hitz, #21730
    Law Office of Rich Hitz
    304 Olson Drive, Suite 211
    Papillion, NE 68046
    Phone: (402) 799-1733
    Fax: (402) 964-2920
    Email: rich@hitzlaw.com

    &

    Mandy L. Strigenz,
    SIBBERNSEN, STRIGENZ
    & SIBBERNSEN, P.C.
    304 Olson Drive, Suite 211
    Papillion, NE  68046
    (402) 493-7221 Phone
    (402) 964-2920 Fax

    ATTORNEYS FOR PLAINTIFF

9